# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 03-CR-30111 |
| SCOTT BOATMAN, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America, by Gregory K. Harris, United States Attorney for the Central District of Illinois, and Sierra Senor-Moore, Assistant United States Attorney, hereby files its response to the defendant's *pro se* motion for early termination of supervised release.

## BACKGROUND

On December 5, 2003, the defendant was charged in a three-count indictment with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), enticement of a minor in violation of 18 U.S.C. § 2422(b), and a forfeiture count. On January 30, 2004, he entered a guilty plea to all three counts, and was subsequently sentenced to 86 months of imprisonment and a life term of supervised release. The defendant was released from the custody of the Bureau of Prisons on

1

October 8, 2010, and began serving his term of supervised release. A violation petition for failure to register as a sex offender and possessing an unmonitored computer was filed February 6, 2017. On May 12, 2017, the defendant's supervised release was revoked, and he was sentenced to a term of time served followed by a new term of lifetime supervised release. On February 11, 2022, he filed a *pro se* motion for early termination of his period of supervised release

## **RESPONSE**

The defendant has served approximately 56 months of his current life term of Mandatory Supervised Release ("MSR"). The defendant asserts he is continuing in therapy and has developed a coping mechanism for what he calls "red flags and triggers."

With respect, given defendant's history, his self-reported coping mechanisms to counter his urges to abuse children, although a welcome development, do not justify the early termination of supervised release and ending his term would go against the interests of justice. The defendant simply fails to provide compelling evidence that he is no longer a danger to the community and given his history, less than five years on his current term of supervised release is not enough. After all, he was on supervised release for approximately seven years before

committing the violations in 2017. The life term of supervised release, imposed twice, was necessary and appropriate and is still needed. The motion should be denied.

Title 18, United States Code, Section 3583(e)(1) provides a Court, after considering the factors set forth in 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, if the court is satisfied that such action is warranted by the conduct of the defendant and is in the interest of justice.

While the defendant, since his revocation in 2017, has been compliant, including participating in therapy, that alone is insufficient to warrant early termination. If simple compliance were enough, "every defendant who avoided revocation would be eligible for early termination." *United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007). In addition to the defendant's conduct while on MSR, the Court must also consider whether the interests of justice are best served by the defendant's early termination and whether the defendant is likely to recidivate. *United States v. Mathis*, 221 F.Supp.3d 1131 (S.D. Iowa 2016).

## *Nature of the Offense*

The defendant committed the crimes of possession of child pornography and enticement of a minor. He was communicating with a 14-year-old boy online and even after receiving a threatening message to stop communications from the boy's mother, he continued the illicit relationship and arranged to pick the boy up in person. The defendant then drove the victim to his home in another town and engaged in sexual acts with the child.

After the defendant was arrested, law enforcement obtained a warrant to search his computer. The search discovered that the defendant was communicating via the internet with a person whom he thought was a nine-year-old boy in England and created a website that distributed child pornography.[1]

In other words, the defendant has a history of both direct child abuse and of using sophisticated means to distribute child pornography. By any measure, the defendant's offenses were very serious and caused direct harm.

---

[1] An investigation by law enforcement in England found the person the defendant was communicating with was an adult male.

*History and Characteristics of the Defendant*

Sadly, the instant case was not the defendant's first physical sexual act against a minor. In 1994, he was charged with touching the genitals of a sleeping 17-year-old boy and pleaded guilty to the offense of battery. The defendant's history of repeated acts of child abuse in conjunction with him violating MSR in 2017, indicate he should remain on supervised release. As previously stated, the 2017 violations included the failure to register as a sex offender and the knowing possession of an unmonitored computer. It has been less than five years since he committed these serious violations.

*Need to Protect the Community*

The Court imposed and later re-imposed a life-term of supervised release because the defendant committed egregious acts and is a danger to the community. While it is good that the defendant's supervised release has not been revoked a second time and he appears to be making progress, not near enough time has elapsed to warrant terminating his supervised release. Simply stated, the statutory factors warranting the life term in both 2004 and 2017 still apply today. In particular, the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

For these reasons, the defendant's *pro se* motion for early termination of supervised release should be denied.

Respectfully Submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY

By: */s/ Sierra Senor-Moore*
Sierra Senor-Moore, IL Bar No. 6321486
Assistant United States Attorney
United States Attorney's Office
318 South 6th Street
Springfield, IL 62701
Telephone: (217) 492-4450
E-mail: sierra.senor-moore@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record.

/s/ *Sierra Senor-Moore*
Sierra Senor-Moore
Assistant United States Attorney